IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

WILFORD V. HOLLEY JR.,
Plaintiff,

-vs-

CITY OF AUSTIN,
Defendant.

CAUSE NO.:
A-17-CV-00053-SS

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled case, and specifically Defendant City of Austin (the City)'s Motion for Summary Judgment [#35], Plaintiff Wilford V. Holley, Jr.'s Response [#36] in opposition, and the City's Reply [#38] in support; as well as the City's Objections to Plaintiff's Evidence [#39] and Plaintiff's Response [#40] in opposition. Having reviewed the documents, the governing law, the arguments of counsel at the hearing, and the file as a whole, the Court now enters the following opinion and orders.

### Background

This is an employment discrimination case. Plaintiff applied but was not selected for a promotion within the City's Austin Resource Recovery Department (ARR). Plaintiff alleges race and age discrimination are the reason he was not selected for the promotion.

Plaintiff, a 47-year-old African-American male, was originally hired by City Solid Waste Services, ARR's predecessor, in 1990. Resp. [#36] at 2. In 2006, Plaintiff became a crew leader with ARR. *Id.* Plaintiff applied for supervisor positions in 2010 and 2013, but was unsuccessful both times. *Id.*



In January 2016, ARR began searching to fill two supervisor positions: (1) a nighttime Litter Control Supervisor position, and (2) a daytime Semi-Automated Garbage Collection Supervisor position. Mot. Summ. J. [#35] at 2. ARR posted the supervisor positions for internal candidates to apply. *Id.*; *see also id.* [#35-2] Ex. B at Ex. 1 (Job Description); *id.* at Ex. 2 (Job Posting). The Job Posting listed "Minimum Qualifications," including educational and license requirements, in addition to "Preferred Qualifications" such as experience at ARR, knowledge of internal reporting software, and public speaking or presentation experience. *See* Job Posting.

Plaintiff applied for the daytime Semi-Automated Garbage Collection Supervisor position. Pl.'s Resp. [#36] at 2. Plaintiff was one of twenty-three applicants for the supervisor positions. Mot. Summ. J. [#35] at 3. ARR selected thirteen applicants for telephone interviews to be conducted on February 1, 2016. *Id.* Plaintiff selected to interview at 2:30 PM, the last interview timeslot of the day. Pl.'s Resp. [#36] at 3. On January 29, 2016, three days prior to the telephone interviews, ARR asked Plaintiff to change his interview time from 2:30 PM to 7:30 AM, the second timeslot of the day. *Id.*

An interview panel of three ARR managers interviewed the thirteen selected applicants by telephone. Mot. Summ. J. [#35] at 3. The interviews were conducted pursuant to an interview guideline sheet provided by ARR Human Resources. *Id.* at 4. The panel asked each applicant the same four questions, numerically scoring the responses against a sample response. *Id.* The panelists added together the scores for all four questions to create a total score for each candidate. *Id.* at 4–5. ARR Human Resources averaged the total candidate scores from the interview panelists and ranked the applicants according to the average scores. *Id.*; *see also id.* [#35-2] Ex. B at Ex. 7 (Candidate Summary). Plaintiff received the tenth lowest score of the thirteen applicants interviewed by telephone. *Id.*

2

The five highest scoring applicants were selected for in-person interviews. Mot. Summ. J. [#35] at 4–5. After the in-person interviews, ARR selected Perminder Klair, an Asian male under the age of 40, for the Semi-Automated Garbage Collection Supervisor position, and Jennifer Saucedo, a Hispanic female over the age of 40, for the Litter Control Supervisor. *Id.* at 5; *see also id.* [#35-2] Ex. B at Exs. 9, 10 (Top Candidate Verification Forms).

On March 28, 2016, after the ARR's hiring decision was announced, Plaintiff filed a denial of promotion grievance. Pl.'s Resp. [#36] at 3; *see also id.* [#36-1] Ex. E at 8–10 (Grievance). Plaintiff complained of his telephone interview time change, irregularities in scoring of interview questions, and improper consideration of a complaint Plaintiff made in 2009. *Id.* Plaintiff requested to be granted the Semi-Automated Garbage Collection Supervisor position. *Id.* After meeting with Plaintiff to discuss his grievance, the Director of ARR upheld the interview panel's hiring decision on April 1, 2016. *See id.* [#36-1] Ex. E at 12 (Denial of Grievance).

Plaintiff appealed the denial of his grievance, and the Assistant City Manager granted his appeal in part on April 25, 2016, instructing ARR to repeat the hiring process for the Semi-Automated Garbage Collection Supervisor position. Resp. [#36-1] Ex. E at 7 (Grievance Appeal Decision). On April 29, 2016, Plaintiff appealed Assistant City Manager's decision to the Municipal Civil Service Commission (MCSC). *See* Resp. [#36-1] Ex. E (MCSC Appeal). In November 2016, the MCSC denied Plaintiff's Appeal. Resp. [#36] at 4.

While Plaintiff's appeal was pending before the MCSC, ARR proceeded with its re-selection process for the Semi-Automated Garbage Collection Supervisor position. ARR demoted Klair back to his previous non-supervisor position on May 19, 2016. Mot. Summ. J. [#35] at 7. Before conducting the re-selection process, ARR updated its interview scoring

3

criteria to provide interviewers further guidance on how many points to assign based on an applicant's answers. *See id.* [#35-1] Ex. B at Ex. 14 (Updated Interview Criteria). ARR Human Resources selected a new panel to interview applicants for the supervisor position. *See id.* [#35] at 7. Previous applicants for the position, including Plaintiff, were invited to interview again. *Id.* at 8.

On August, 5, 2016, Plaintiff was notified interviews for the Semi-Automated Garbage Collection Supervisor position would be conducted on August 15, 2016. *See id.* [#35-1] Ex. B at Ex. 15 (Interview Correspondence). Plaintiff was informed he would be removed from the selection process and deemed ineligible for the position if he chose not to interview. *Id.* Plaintiff declined to participate in the re-selection process, citing his pending MCSC appeal. *Id.* After conducting a second round of interviews, Klair was again selected for the Semi-Automated Garbage Collection Supervisor position. *See* Resp. [#35] at 9.

Plaintiff filed a formal charge of discrimination with the Texas Workforce Commission and the Equal Employment Opportunity Commission (EEOC). Second Am. Compl. [#32] at 2. The EEOC issued Plaintiff a Notice of Right to Sue on October 27, 2016. *Id.* at 3. Plaintiff filed this lawsuit on January 24, 2017, asserting a claim for age discrimination under the Age Discrimination in Employment Act (ADEA) and race discrimination under Title VII. *Id.* at 10. The City now moves for summary judgment on the asserted claims. The motion is fully briefed and ripe for consideration.

**Analysis**

**I.     Summary Judgment—Legal Standard**

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact

4

and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

## II. Application

As noted above, the City requests summary judgment on Plaintiffs' two discrimination claims. For the reasons explained below, the Court grants the City's motion for summary judgment.

Claims under ADEA and Title VII are subject to the familiar *McDonnell Douglas* burden-shifting framework. Under this framework, an employee has the initial burden of establishing a prima facie case of discrimination. *Miller v. Raytheon Co.*, 716 F.3d 138, 144 (5th Cir. 2013) (applying the *McDonnell Douglas* burden-shifting framework). Afterwards, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for its actions. *Id.* If the employer satisfies this burden, the burden shifts back to the employee to prove either that the employer's proffered reason was not true—but was instead a pretext for discrimination—or that, even if the employer's reason is true, the adverse employment decision was because of his age or race. *See id.*

### A. ADEA Age Discrimination Claim

The ADEA makes it is unlawful for employers to "refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges of employment, because of such individual's age." *See* 29 U.S.C.

§ 623(a)(1). To establish a prima facie case of age discrimination in a failure-to-promote case, a plaintiff must show "(1) he was over forty, (2) was qualified for the position sought, (3) was not promoted, and (4) the position was filled by someone younger or the failure to promote was due to his age." *Tratree v. BP N. Am. Pipelines, Inc.*, 277 F. App'x 390, 395 (5th Cir. 2008). "Failure to apply for a disputed promotion will bar a 'failure to promote' claim absent a showing that such an application would have been a futile gesture." *Irons v. Aircraft Serv. Intern., Inc.*, 392 F. App'x 305, 312 (5th Cir. 2010).

The City contends Plaintiff has not presented a prima facie case because he did not reapply for the Semi-Automated Garbage Collection Supervisor position during the re-selection process. *See* Mot. Summ. J. [#35] at 10–14. As the argument goes, Plaintiff cannot meet the second element of a prima facie case because he did not apply for the position that resulted in the supervisor position being filled. *Id.* Plaintiff acknowledges he did not reapply for the supervisor position, but argues his participation in the first selection process and continued appeal efforts are sufficient to establish a prima facie case of age discrimination. *See* Resp. [#30] at 7–10.

Plaintiff has presented a prima facie case of discrimination. The only challenge raised by the City is Plaintiff did not apply for the position. However, the record reflects Plaintiff did apply for the position during the initial selection process. After failing to move on to the in-person interviews, Plaintiff initiated a grievance in which he sought placement in the Semi-Automated Garbage Collection Supervisor position. Plaintiff cited the pending grievance in declining to interview again in the re-selection process. Based on the foregoing evidence, the City has failed to establish as a matter of law Plaintiff did not apply for the supervisor position. *See Thomas v. Mississippi Dep't of Health*, CV316CR559HTWLRA, 2018 WL 1178977, at *5

(S.D. Miss. Mar. 6, 2018) (finding employee presented a prima facie case despite having not reapplied for position after alleged discrimination).

Under the *McDonnell Douglas* burden-shifting framework, the burden shifts to the City to provide a legitimate, nondiscriminatory reason for denying Plaintiff the promotion.

The City has presented evidence of a legitimate, nondiscriminatory reason for denying Plaintiff the promotion. Thirteen qualified candidates for the supervisor position, including Plaintiff, participated in telephone interviews. The interview panel asked the same questions to each candidate and scored the candidate's answers against a sample answer. The candidates were ranked by their interview scores. Plaintiff received the tenth lowest score of the thirteen applicants interviewed, and was therefore not selected for an in-person interview. This evidence constitutes a legitimate, nondiscriminatory reason for denying Plaintiff the promotion. *See Haywood v. Mississippi Dep't of Corr.*, 716 F. Appx. 316, 320 (5th Cir. 2018) (finding interview scoresheets sufficient to establish a legitimate, non-discriminatory basis for selecting another candidate); *see also Martinez v. Tex. Workforce Comm'n—Civil Rights Div.*, 775 F.3d 685, 688 (5th Cir. 2014) (same).

The burden now shifts back to Plaintiff to produce substantial evidence indicating the City's proffered reason for denying him the promotion is a pretext for discrimination. *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003). A plaintiff may show pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or unworthy of credence. *Jackson v. Cal-W. Packaging Corp.*, 602 F.3d 374, 378–79 (5th Cir. 2010). However, such evidence must show "that age was the 'but for' cause of the challenged adverse employment action." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 (5th Cir. 2012).

Plaintiff has not presented probative evidence of pretext. First, Plaintiff contends he is better qualified than Klair, the employee ultimately promoted to the Semi-Automated Garbage Collection Supervisor position. Resp. [#36] at 11. In support, Plaintiff cites his (1) longer work experience in the field of waste management, (2) more supervisory experience, and (3) better work record at ARR. *See id.* at 11–13. This evidence is of little help, as Plaintiff must establish he is "clearly better qualified," meaning the "disparities in qualifications must be of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Churchill v. Texas Dept. of Criminal Justice*, 539 F. App'x 315, 322 (5th Cir. 2013) (citing *Price v. Fed. Exp. Corp.*, 283 F.3d 715 (5th Cir. 2002)); *see also Price*, 283 F.3d at 723 ("[W]ork experience, and longer tenure with the company do not establish that he is clearly better qualified."). Put simply, the evidence falls short of the "clearly better qualified" standard. *See Churchill*, 539 F. App'x at 322 ("Demonstrating that one is 'clearly better qualified' is understandably very difficult to meet so as to avoid judicial second-guessing of business decisions").

Second, Plaintiff references "problems" in the selection process he asserts illustrate disparate treatment based on age. *See* Resp. [#36] at 14–17. Specifically, Plaintiff submits the interview pool was improperly broadened to include candidates who met the minimum qualifications but not the preferred qualifications of the supervisor job in order "to significantly reduce the chance that a preferred candidate, 40 or older, such as [Plaintiff], would be promoted." *Id.* at 15.[1] To start, this evidence does not reflect age discrimination, much less discriminatory motive essential to a claim of disparate treatment. By Plaintiff's own analysis,

---

[1] Plaintiff spends considerable time presenting facts related to the re-selection process he elected to skip. *See* Resp. [#36] at 15–17. These facts are largely irrelevant to Plaintiff's claim for discrimination based on the initial selection process in which he did participate and bases his claims. Any discrimination claim premised on the re-selection process would be barred because Plaintiff did not reapply for the position. *See Irons*, 392 F. App'x at 312.

9

broadening the applicant pool was age neutral. *See id.* at 14 (characterizing the eight candidates added as "four were less than 40 (including Klair) and four were 40 or older"). Stripped of Plaintiff's characterizations, the cited evidence does not establish the City's actions were pretext for age discrimination.

Third, Plaintiff asserts ARR deviated from its hiring policies by selecting a candidate lacking the preferred qualifications of the supervisor job. *Id.* at 17–18. Notably, Plaintiff offers no evidence the City has a policy to limit hiring to candidates meeting preferred qualifications. Thus, any notion ARR deviated from its hiring policies is unfounded. Even if Plaintiff could show deviations in hiring policies, an employer's "disregard of its own hiring system does not of itself conclusively establish that improper discrimination occurred or that a nondiscriminatory explanation for an action is pretextual." *E.E.O.C. v. Texas Instruments Inc.*, 100 F.3d 1173, 1182 (5th Cir. 1996) (quoting *Risher v. Aldridge*, 889 F.2d 592, 597 (5th Cir.1989)). Also, nothing ties these alleged deviations to age discrimination.

Lastly, Plaintiff offers a statement allegedly made by ARR Deputy Director Sam Angoori as evidence of age discrimination. Resp. [#36] at 18–20. According to Plaintiff, Angoori stated during a crew leader meeting before the summer of 2015, "just because someone had been employed 25-26 years does not mean they will automatically get a supervisor position, the interview is where a person has to shine." *Id.* at 18. At best, Angoori's statement is tangentially related to age because experience sometimes corresponds with age. Contrary to Plaintiff's characterization, however, the statement does not reflect discriminatory intent or motive, but instead reflects ARR's emphasis on the interview process—the same process in which Plaintiff scored poorly. The timing and indirect nature of Angoori's statement further minimizes its probative value. *See Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 352 (5th Cir.2007) (finding

employer's comment made six months prior to adverse employment decision was not probative of discriminatory intent because it was "remote in time" and was a "broad statement not directed to any particular employee").

Summarized, Plaintiff has failed present evidence the City's offered legitimate, nondiscriminatory reason for denying Plaintiff promotion to the Semi-Automated Garbage Collection Supervisor position is pretext for discrimination or Plaintiff was not selected because of his age. Thus, the City is entitled to summary judgement on Plaintiff's ADEA age discrimination claim.

## B. Title VII Racial Discrimination Claim

Under Title VII, it is unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a)(1). As indicated earlier, Title VII claims are also subject to *McDonnell Douglas* burden-shifting framework. *See Manora v. Donahoe*, 439 F. App'x 352, 355 (5th Cir. 2011).

The City seeks summary judgment on Plaintiff's race discrimination claim for the same reasons as the ADEA age discrimination claim discussed above: Plaintiff did not reapply for the position and the City had a legitimate, nondiscriminatory reason for not promoting Plaintiff. *See* Mot. Summ. J. [#35] at 9–20.

The Court overrules the City's only challenge to Plaintiff's prima facie case. *See supra* Section II.A (determining the City has failed to establish as a matter of law Plaintiff did not apply for the supervisor position). However, as further explained above, the City has presented evidence of a legitimate, nondiscriminatory reason for denying Plaintiff the promotion. *See id.*

The burden therefore shifts back to Plaintiff to produce evidence indicating the City's proffered reason for denying him the promotion is pretext for discrimination or Plaintiff was denied the promotion on account of his race. *See id.*

Plaintiff again fails to carry this burden. As an initial matter, Plaintiff's summary judgment response is primarily focused on defending his age discrimination claim. The only references to "race" are to an internal ARR e-mail and a list of individuals prepared by Plaintiff that he contends illustrate "African-Americans, such as he, tend to stay in their positions a lot longer before they become supervisors." *See* Resp. [#36] at 15, 18.

The cited evidence does not constitute evidence of pretext. ARR Human Resource manager, Blanche Quaterman, sent the following e-mail on March 28, 2016:

> Sam [Angoori] called me today and he would like information pertaining to this case, such as phone interview date, where Mr. Holley placed in the interview ranking and anything else you feel is valuable. If this makes it to MCS, he would like stats on the # of supervisors broken down by race.

Resp. [#36-2] Ex. J (Quaterman E-mail) at 4. The Quaterman E-mail does not reflect discriminatory intent, but ARR's preparation in defending its hiring process in response to Plaintiff's grievance and then-potential MCSC appeal. The list of African-American ARR employees prepared by Plaintiff is similarly vague and unhelpful. *See* Resp. [#36-2] Ex. M (Employee List). For all but two the employees listed (other than Plaintiff), there is no indication the employees ever sought or were denied promotions at ARR. *See id.* Additionally, Plaintiff has offered no evidence the listed employees were treated any different than other ARR employees outside of Plaintiff's protected class. Without direct or circumstantial evidence of disparate treatment, Plaintiff's claim must fail. *See Alkhawaldeh*, 851 F.3d at 427 (affirming summary judgment for employer because employee could not "prove that he was treated less favorably than others 'similarly situated' outside of his protected class").

Accordingly, the Court grants the City's motion for summary judgment on Plaintiff's race discrimination claim because Plaintiff has failed to present evidence of pretext.

## Conclusion

The City is entitled to summary judgment on Plaintiff's claims for age and race discrimination. In light of this ruling, the Court declines to consider the City's objections to Plaintiff's summary judgment evidence.

Accordingly,

IT IS THEREFORE ORDERED that Defendant City of Austin's Motion for Summary Judgment [#35] is GRANTED; and

IT IS FINALLY ORDERED that City's Objections to Plaintiff's Evidence [#39] is DISMISSED as moot.

SIGNED this the 29th day of June 2018.

_Sam Sparks_
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE